UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER TITUS TYRA, JR.,

Plaintiff,

v. Case No. 26-CV-1110

NURSE BROWN,

Defendant.

---

## SCREENING ORDER

---

Plaintiff Christopher Titus Tyra, Jr., who is currently housed at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). The Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee, so the Court waives that obligation. 28 U.S.C. § 1915(b)(4). Plaintiff will be required to pay the $350 statutory filing fee over time as set forth in § 1915(b). Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

At all relevant times, Plaintiff was housed at the Milwaukee County Jail. On May 14, 2026, during the hours of sleep med pass, Nurse Brown refused to give Plaintiff his Latanaprost eyedrops for his chronic open angle glaucoma. Plaintiff asked Nurse Brown for the eyedrops. She responded that Plaintiff did not have an order for them. Plaintiff told Nurse Brown that the eyedrops were in the top drawer of the med cart, but she refused to look for them. Nurse Brown repeated that Plaintiff did not have an order for the eyedrops and left the housing unit. Plaintiff did not receive his eyedrops that night. (ECF No. 1 at 2–3.)

The next day, Nurse Dale stated that Plaintiff's eyedrops prescription was still active. At the noon med pass, Plaintiff asked Nurse Di'Amato about his eyedrops, and she stated that the prescription was active. She retrieved the eyedrops from the med cart. (*Id.* at 3.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Because Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to his allegation that Nurse Brown failed to give him his eyedrops on May 14, 2026, during the hours of sleep med pass. Under this standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72.

Plaintiff's allegation that Nurse Brown failed to give him his eyedrops on one occasion does not state a claim. Nothing in the complaint suggests that Plaintiff was harmed by a single missed dose of his eyedrops. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("A successful § 1983 plaintiff . . . must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." (citation omitted)). Because Plaintiff does not allege that he suffered any actual harm from Nurse Brown's actions, he does not state a claim against her.

If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **September 14, 2026**, that cures the deficiencies identified in this decision. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 14, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly

payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 12, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge