UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER TITUS TYRA, JR.,

Plaintiff,

v. Case No. 26-CV-1110

NURSE BROWN,

Defendant.

---

**SCREENING ORDER**

---

Plaintiff Christopher Titus Tyra, Jr., who is currently housed at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On August 12, 2026, the Court screened and dismissed the complaint for failing to state a claim upon which relief could be granted but allowed Plaintiff the opportunity to file an amended complaint. (ECF No. 7.) This matter comes before the Court to screen Plaintiff's amended complaint.

**SCREENING OF THE AMENDED COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

At all relevant times, Plaintiff was housed at the Milwaukee County Jail. On May 14, during the hour of sleep med pass, Nurse Brown refused to give Plaintiff his Latanaprost eyedrops to treat his glaucoma. Plaintiff told Nurse Brown that he had glaucoma and that failure to administer the eyedrops can have adverse effects on his eyesight. Nurse Brown responded that she did not see an order for the drops. Plaintiff told Nurse Brown that the eyedrops were on the cart, but she refused to retrieve them. (ECF No. 8 at 2–3.)

The next day, Nurse Dale stated that Plaintiff's prescription was still active. Later that day, Plaintiff asked Nurse Di'Amato about his eyedrops, and she stated that they were on the cart and gave them to him. She also showed Plaintiff on the computer where his prescription was listed. Plaintiff asserts that the failure to administer the drops on May 14 resulted in minute loss of vision that is irreversible and caused damage to his eyesight. He seeks monetary damages. (*Id.*)

**ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to Plaintiff's allegations.

Under this standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical

care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72. Plaintiff alleges that Nurse Brown failed to give him his eyedrops, which caused damage to his eyesight. Based on Plaintiff's allegations contained in the amended complaint, Plaintiff may proceed on a Fourteenth Amendment claim against Nurse Brown.

**IT IS THEREFORE ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to Milwaukee County for service on Nurse Brown.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Nurse Brown shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on September 15, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge