UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER TITUS TYRA, JR.,

Plaintiff,

v. Case No. 26-CV-1110

NURSE BROWN,

Defendant.

---

**ORDER**

---

Plaintiff Christopher Titus Tyra, Jr., is currently incarcerated at Dodge Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a Fourteenth Amendment claim against Defendant Nurse Brown based on allegations that, while he was housed at the Milwaukee County Jail, Nurse Brown failed to give him eyedrops, which caused damage to his eyesight. (ECF No. 9.) On September 15, 2026, copies of Plaintiff's amended complaint and the Court's screening order were sent to Milwaukee County for service on Nurse Brown. (*Id.* at 4.) On October 7, 2026, Milwaukee County Office of Corporation Counsel advised that it would not accept service of the summons and amended complaint because Nurse Brown is not and has never been a Milwaukee County employee. (ECF No. 10.)

In the event Milwaukee County does not accept service on a defendant's behalf, the Court ordinarily orders the United States Marshal Service to serve the defendant. However, Nurse Brown cannot be identified using the information in the amended complaint. Therefore, the Court will name Sheriff Denita Ball as a defendant for the limited purpose of helping Plaintiff identify Nurse Brown's full name. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir.

1996). Sheriff Ball does not have to respond to the amended complaint. After Sheriff Ball's attorney files a notice of appearance in this case, Plaintiff may serve discovery requests upon Sheriff Ball (by mailing the requests to her attorney at the address in the notice of appearance) to obtain information that will help him identify the defendant's full name.

For example, Plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because Plaintiff does not state a claim against Sheriff Ball, Plaintiff's discovery requests must be limited to information or documents that will help him learn the defendant's full name. Plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After Plaintiff learns Nurse Brown's full name, he should file a document advising the Court of Nurse Brown's full name. The Court will dismiss Sheriff Ball as a defendant once Plaintiff indicates what Nurse Brown's full name is.

Plaintiff must identify the defendant's full name within sixty days of Sheriff Ball's attorney filing a notice of appearance. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss this case based on Plaintiff's failure to diligently prosecute it. *See* Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that Milwaukee County Sheriff Denita Ball shall be added as a defendant for the limited purpose of helping Plaintiff identify the full name of Nurse Brown. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, copies of the amended complaint and this order shall be electronically sent today to Milwaukee County for service on Sheriff Ball.

**IT IS FURTHER ORDERED** that Sheriff Ball does not have to respond to the amended complaint; however, she shall respond to discovery requests that Plaintiff serves in an effort to identify the defendant's full name. Sheriff Ball does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Plaintiff must identify Nurse Brown's full name within 60 days of Sheriff Ball's attorney filing a notice of appearance. If Plaintiff does not identify Nurse Brown's full name by the deadline or advise the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

Dated at Green Bay, Wisconsin on October 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge